IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH SADLER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NUMBER:   1:10-cv-04727 |
| | ) | |
| WEST COOK YOUNG MEN'S | ) | |
| CHRISTIAN ASSOCIATION'S | ) | |
| INCORPORATED, | ) | |
| a not-for-profit Illinois corporation, | ) | JURY DEMANDED |
| Defendant. | ) | |

_____

### COMPLAINT AT LAW

NOW COMES the Plaintiff, KENNETH SADLER, (hereinafter referred to as "Plaintiff"), by and through his attorneys, ANTHONY J. PERAICA & ASSOCIATES, LTD, and for his Complaint against the Defendant, WEST COOK YOUNG MEN'S CHRISTIAN ASSOCIATION'S INCORPORATED, (hereinafter referred to as "Defendant"), a not-for-profit Illinois corporation, alleges and states as follows:

### NATURE OF CLAIMS

1.      Plaintiff brings this action to remedy discrimination in violation of the American with Disabilities Act of 1990, 42 U.S.C. §12101 et seq. ("ADA").  Plaintiff seeks legal and equitable relief, including, but not limited to, rehiring and adjustment of seniority records, lost pay and benefits, compensatory and punitive damages, interest, and attorney's fees.

### JURISDICTION AND VENUE

1

2.      Jurisdiction of this court is invoked pursuant to federal question jurisdiction, 28

U.S.C. §§ 1331, and supplemental jurisdiction, 28 U.S.C. § 1367.  Venue is proper in this District

pursuant to 28 U.S.C. § 1391(b).

3.      The actions alleged to be unlawful were committed within the jurisdiction of the

United States District Court for the Northern District of Illinois, Eastern Division.

**PARTIES**

4.      Plaintiff is a male citizen of the United States and currently is a resident of

Chicago, Illinois.  Plaintiff has been diagnosed with a left temporal lobe seizure condition, which

is a form of epilepsy.

5.      Defendant is a not-for-profit Illinois corporation engaged in the business of

putting Christian principles into practice.  The Defendant is in voluntary association with the

YMCA of the USA being headquartered in Chicago, Illinois, and the World Alliance of YMCA's

being headquartered in Geneva, Switzerland. The Defendant's principle place of business is

located at 255 S. Marion St., Oak Park, IL 60302.

6.      Plaintiff was at all relevant times employed by Defendant and at all relevant

times worked for the Defendant in the State of Illinois under their authority and control.

**PROCEDURAL REQUIREMENTS**

7.      Plaintiff has fulfilled all conditions precedent to the institution of this action,

under the ADA.  Plaintiff timely filed a Charge of Discrimination against Defendant with the

United States Equal Employment Opportunity Commission and has received a Right to Sue

letter (for discrimination based on disability).  The Right to Sue letter, and the delivery

information for said letter, are attached hereto and made part hereof as Exhibit "A".

**FACTUAL BACKGROUND**

8.      Plaintiff began his employment with Defendant in or around February of 2001.

9.      At all times throughout the course of his employment, Plaintiff performed his job to the satisfaction of his employer.

10.      Plaintiff is widely regarded by his fellow employees as a skilled and hardworking maintenance employee.

11.      Plaintiff's initial and most recently held position with the Defendant, at the time of discharge, was as a skilled maintenance employee employed by the Defendant at 255 S. Marion St., Oak Park, IL 60302.

12.      On or about January 29, 2009, Plaintiff had a seizure and heart incident while at work.

13.      Based on information and belief, the seizure and heart incident was triggered by emotional distress that is attributable to Plaintiff's work environment and Plaintiff's supervisor, Mr. Rick Wizer.

14.      Specifically, Plaintiff's seizure and heart incident resulted from a discussion with coworker Ernie Compere concerning a recent ceiling and air duct insulation removal and renovation project that was being supervised by Buildings and Properties Director, Mr. Wizer.

15.      Based on information and belief, during Plaintiff's seizure and heart incident, there was a discussion that took place between employees Ernie Compere and Josh Skoczen, in the Defendant's business office, as to whether or not to call the Oak Park paramedics.

16.      Had the paramedics not been called, and arrived quickly, Plaintiff may have deceased or experienced permanent or serious brain damage or other physical damage.

3

17.     As a result of the January 29, 2009 incident, Plaintiff underwent surgery to have a pacemaker inserted near his heart, and was soon thereafter diagnosed with a left temporal lobe seizure condition.  As a result thereof, Plaintiff went on medical leave from his employment.

18.     In or around February of 2009, based on the January 29, 2009 incident, Plaintiff's physician had restricted Plaintiff to light duty activity.

19.     On or about February 27, 2009, Plaintiff's supervisor, Mr. Wizer, informed Plaintiff to stay at home, that there was no light duty for Plaintiff to perform, that Plaintiff was needed for full duty, and that Plaintiff should see Mr. Arnold Blair, the Defendant's Human Resources Director, to apply for FMLA leave.

20.     In or around May of 2009, Plaintiff's neurologist certified that Plaintiff could return to work with two modest accommodations, with the two modest accommodations being as follows: (1) Plaintiff was not to operate a table saw without a blade guard; and (2) Plaintiff was not to use a ladder over six (6) feet tall.

21.     Plaintiff's neurologist and primary treating physician fully supported Plaintiff's return to employment with the Defendant.

22.     Plaintiff was prescribed and is currently on medication to control his seizures.

23.     Plaintiff's seizures occur very infrequently, with none occurring to date since February of 2009, and there are affirmative warning sign, commonly referred to as an aura, that notify Plaintiff and others before a seizure is about to occur.

24.     In or around February of 2009, Plaintiff went on leave pursuant to the Family Medical Leave Act.

25.     Defendant had no meetings or discussions with the Plaintiff regarding accommodations or safety concerns.

26.     Defendant did not establish that Plaintiff is a direct threat to safety of himself or others.

27.     Defendant did not discuss or establish that Plaintiff is unable to perform his normal duties with or without reasonable accommodation.

28.     Defendant made no assessment of objective, factual, or medical evidence that Plaintiff was a safety risk to himself or others.

29.     Defendant has regarded Plaintiff as having a substantially limiting impairment.

30.     As of the date of the incident, Defendant affirmatively refused to let Plaintiff return to his employment with Defendant.

31.     On or about August 24, 2009, Defendant informed Plaintiff that they decided not to comply with the neurologist's recommendations regarding accommodations, and specifically stated that none of the proposals would allow the Plaintiff to act without placing an unreasonable burden on Defendant.

32.     On or about August 24, 2009, Defendant terminated Plaintiff from their employ, approximately 29 weeks after the Plaintiff's seizure and heart incident.

## COUNT I – VIOLATION OF ADA
### (Discrimination Based Upon Disability)

1-32.   Plaintiff realleges Paragraphs 1-32 of the previous sections of the Complaint as Paragraphs 1-32 of this Count I.

33. Based on information and belief, Plaintiff was selected for termination based on his diagnosis of a left temporal lobe seizure condition, which is a form of epilepsy.

34. Based on information and belief, Plaintiff was wrongfully terminated from employment with the Defendant based on his diagnosis of a left temporal lobe seizure condition, which is a form of epilepsy.

35. Based on information and belief, Plaintiff's wrongful termination constituted and was the result of discrimination based upon a perceived disability that the Defendant could not work safely with modest accommodations, in violation of the ADA.

36. Based on information and belief, Plaintiff's wrongful termination constituted and was the result of discrimination based upon disability by the Defendant, in violation of the ADA.

37. Plaintiff has exhausted his administrative remedies, by filing an underlying Charge of Discrimination on November 3, 2009 with the Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") on the basis of disability discrimination (Agency Charge Number 440-2010-00561), whereupon the EEOC issued a right to sue letter.

38. The Defendant's wrongful termination of the Plaintiff's employment caused Plaintiff to suffer a loss of wages and other compensation.

39. The Defendant's wrongful termination of the Plaintiff's employment caused Plaintiff great mental anguish, humiliation, anxiety, and other emotional and psychological distress.

40. Plaintiff is entitled to the recovery of compensatory and punitive damages in the sum of two hundred and fifty thousand dollars ($250,000.00).

WHEREFORE, Plaintiff asks that judgment be entered against Defendant as follows:

A. Ordering the Defendant to immediately reinstate Plaintiff to his formerly held position with Defendant that is commensurate with his skills and experience, and to treat Plaintiff's employment as having been continuous as of the date Plaintiff was initially employed by the Defendant;

B. Ordering the Defendant to pay to Plaintiff the wages and other compensation lost, along with interest;

C. Ordering the Defendant to pay to Plaintiff the compensatory and punitive damages incurred as a result of its acts of discrimination, in the sum of two hundred and fifty thousand dollars ($250,000.00);

D. Ordering the Defendant to pay to Plaintiff the attorneys' fees, court costs, and disbursements which Plaintiff has incurred and will incur as a result of Defendant's willful conduct; and

E. Awarding to Plaintiff such other relief as this Court deems proper.


PLAINTIFF DEMANDS A TWELVE (12) PERSON JURY TRIAL


Respectfully submitted,

KENNETH SADLER


By:     _/s/ Anthony J. Peraica_____
ONE OF HIS ATTORNEYS

ANTHONY J. PERAICA, ARDC NO.: 6186661
JAY J. VERDUGO, ARDC NO.: 6295526
ANTHONY J. PERAICA & ASSOCIATES, LTD.
ATTORNEYS FOR PLAINTIFF
5130 SOUTH ARCHER AVENUE
CHICAGO, ILLINOIS  60632
773-735-1700